

**FILED**

Jun 7 2022

**CLERK, U.S. DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**
BY        s/ shelly        **DEPUTY**

U.S. District Court
Southern District of California
Received

JUN 0 7 2022

Pages:    65
Time:    9:35 AM
Initials:

## CIVIL COVER SHEET (E-FILING FROM CDCR ONLY)

This civil cover sheet and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers required by law. This form is authorized by General Order No. 653A dated June 21, 2018, and is approved by the Clerk of the Court. This civil cover sheet is required on all cases filed by plaintiffs housed at institutions participating in the e-filing pilot program described in the General Order.

| I. PLAINTIFF *(to be Completed by Plaintiff)* | II. DEFENDANT(S) *(to be Completed by Plaintiff)* |
|---|---|
| Doyle Wayne Davis, <br><br> <u>In Propria Persona</u>, <br><br><br><br> XXX Exhibits to follow | James Corcoran, Correctional Officer; <br> J. Pulido, Correctional Officer; <br> R. Skog, Correctional Officer; <br> H. Sears, Correctional Officer; <br> D.A. Hampton, Correctional Sergeant; <br> K. Cowart, Correctional Sergeant; <br> S. Huss, Correctional Sergeant; <br> L. Urena, Correctional Sergeant; <br> D. Eustaquio, Correctional Sergeant; <br> (M) Gonzalez, Correctional Officer; <br> (See Attached Additional Page) |

### III. INSTITUTION BEING E-FILED FROM
*(To be Completed by CDCR Staff Member)*

CDCR Institution Abbreviation Code: RJD CF

### IV. DATE SCANNED AND EMAILED BY CDCR STAFF MEMBER
*(to be Completed by CDCR Staff Member)*

Pages 32 - 32
7/5/22

BY:

*(Please SIGN Name)*     R. Blahnik     *(Please PRINT Name)*

DATE SCANNED AND EMAILED:    7-5-22

### V. IF CIVIL COMPLAINT CANNOT BE E-FILED
*(to be Completed by CDCR Staff Member)*

☐ This civil complaint, and other initial filing documents authorized by the General Order No. 653A are authorized to be filed through the U.S. mail and accepted by the Clerk of the Court without need to be electronically filed because the digital sender/scanner was down for more than 48 hours. *See* General Order 653A at 3.

DATED:

*(Please SIGN Name)*                              *(Please PRINT Name)*

*See attached "Instructions for Filing Civil Rights Complaints Under 42 U.S.C. § 1983"*

Doyle Wayne Davis, H-34318/A-4-142 Lower
Richard J. Donovan Correctional Facility
480 Alta Road
San Diego, California  92179
_In Propria Persona_



FILED

Jun 7 2022

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          s/ shellyy          DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Doyle Wayne Davis,<br><br>               Plaintiff,<br><br>   vs.<br><br>James Corcoran,<br>Correctional Officer;<br><br>J. Pulido,<br>Correctional Officer;<br><br>R. Skog,<br>Correctional Officer;<br><br>H. Sears,<br>Correctional Officer;<br><br>D.A. Hampton,<br>Correctional Sergeant;<br><br>K. Cowart,<br>Correctional Sergeant;<br><br>S. Huss,<br>Correctional Sergeant;<br><br>L. Urena,<br>Correctional Sergeant;<br><br>D. Eustaquio,<br>Correctional Sergeant; | CASE NUMBER: **22CV0984 BTM DEB**<br><br>COMPLAINT UNDER THE CIVIL RIGHTS ACT 42 U.S.C. §1983<br>[PROPOSED EXCESS PAGE COMPLAINT]<br>1. Violation of State Civil Rights (California Civil Code §52.1) Tom Bane Civil Rights Act<br><br>2. Violation of State Civil Rights (California Civil Code §52.7) The Ralph Civil Rights Act<br><br>3. Malicious Prosecution; Fourth Amendment (Gov't. Code §844.6(d)) and (42 U.S.C. §1983)<br><br>4. Violation of First Amendment Interference with Right to File Grievances (42 U.S.C. §1983)<br><br>5. Violation of Fourth Amendment by Retaliation For Filing Grievance(s) (42 U.S.C. §1983)<br><br>6. Violation of Fourth Amendment By Using Repeated Retaliatory Cell Search(s) (42 U.S.C. §1983)<br><br>7. Violation of Eighth Amendment Cruel and Unusual Harassment (42 U.S.C. §1983) |

(M) Gonzalez,
Correctional Officer (Sergeant);

Ruelas,
Correctional Officer;

E. Ominigbo,
Correctional Officer;

E. Gonzalez,
Correctional Officer;

F. Martinez,
Correctional Officer;

V. Acayan,
Correctional Lieutenant;

T. Martinez,
Correctional Lieutenant;

J. Martinez,
Correctional Lieutenant;

Sean P. Durment,
Correctional Captain;

S. Steadman,
Correctional Associate Warden;

Scott Anderson,
Correctional Associate Warden;

Belinda Hendrick,
Correctional Chief Deputy Warden;

Raymond Madden,
Correctional Warden (A), RJDCF;

Marcus Pollard,
Warden, RJDCF;

Sharee Brown,
Correctional Lieutenant, AIMS UNIT;

Y. Sato,
Correctional Psychologist;

Kathleen Allison,
Secretary of CDCR;

                    Defendant(s) et al.,

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

8.  Violation of Eighth Amendment By
    Being Deliberately Indifferent
    To Known Severe Multiple Medical
    Condition(s) (42 U.S.C. §1983)

9.  Violation of Eighth Amendment By
    Forcing To Do Work In Excess Of
    Known Medical Ability (42 U.S.C.
    §1983)

10. Violation of Eighth Amendment By
    Multiple Harassing Cell Search(s)
    As Retaliation (42 U.S.C. §1983)

11. Violation of Fourteenth Amendment
    Federal Due Process Clause By
    Refusal of Witness(s) For RVR
    (42 U.S.C. §1983)

12. Violation of Civil Rights By
    Conspiracy (42 U.S.C. §1983)

13. Violation of Civil Rights By
    Failure To Stop/Prevent Known
    Conspiracy (42 U.S.C. §1986)

14. Violation of Rehabilitation Act
    (29 U.S.C. §701-97)

15. Violation of Americans With
    Disabilities Act (42 U.S.C.
    §12112(b)(1))

[JURY TRIAL DEMANDED]

Plaintiff alleges as follows:

## JURISDICTION, VENUE & PARTIES

1.    This case arises under Title 42 of the United States Code, Section 1983.  Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1334.  In addition this Court has pendant and supplemental jurisdiction pursuant to Title 28 of the United States Code, Section 1367 over the State law claims alleged in this complaint.

2.    The unlawful acts and practices alleged herein occurred in the County of San Diego, State of California, within this judicial district. Therefore, venue lies in the United States Court for the Southern District of California.

3.    Plaintiff, Doyle Wayne Davis, at all times relevant herein, is/was a citizen of California, and prisoner in the custody of California Department of Corrections and Rehabilitation.  At the time of the herein alleged violation(s) of State and Federal Civil Rights, Davis was incarcerated at Richard J. Donovan Correctional Facility ("RJDCF") in San Diego, California.

4.    This action encompasses multiple State and Federal Civil Rights violation(s) which plaintiff was individually subjected to with respect to each claim for relief.  Plaintiff similarly pursues the Federal Eighth Amendment Claim(s) for relief for pain, suffering, mental duress and other damages due to the unlawful action(s) of the herein named defendant(s).

5.    State of California - Department of Corrections and Rehabilitation ("CDCR") is a government entity authorized by law to establish certain departments responsible for enforcing the law and protecting the welfare of citizens in the State of California.  At all times mentioned herein, CDCR was responsible for overseeing the operation, management and supervision of RJDCF, all named defendant(s), employed by CDCR as peace

3.

officers.  CDCR promulgates policies and procedures that are implemented at RJDCF.

6.  Plaintiff is informed and believes, and thereon alleges that at all relevant times defendants James Corcoran, J. Pulido, R. Skog, H. Sears, (M) Gonzalez, Ruelas, E. Ominigbo, E. Gonzalez, F. Martinez, were all and each of them correctional officer's, acting under color of law, employed by CDCR at RJDCF.  These defendant's are sued in their individual capacities.

7.  Plaintiff is informed and believes, and thereon alleges that at all relevant times defendants (M) Gonzalez, D.A. Hampton, K. Cowart, S. Huss, L. Urena, D. Eustaquio were correctional sergeant's, are individuals residing in the State of California and employed by CDCR as peace officer's at RJDCF. At all relevant times these named defendant's were acting in the course and scope of their employment, under the color of law as officer of CDCR. These defendant's are sued in thier individual capacities.

8.  Plaintiff is informed and believes, and thereon alleges that at all relevant times defendant's V. Acayan, T. Martinez, Sharee Brown, were correctional lieutenants, are individuals residing in the State of California and employed by CDCR as peace officers at RJDCF.  At all relevant times these named defendants were acting in the course and scope of their employment, under the color of law as officers of CDCR.  These defendant's are sued in their individual capacities.

9.  Plaintiff is informed and believes, and thereon alleges that at all relevant times defendants J. Martinez, Sean P. Durment were correctional captain(s), are individuals residing in the State of California, and employed by CDCR as peace officers at RJDCF.  At all relevant times these named defendants were acting in the course and scope of their employment, under the color of law as officers of CDCR.  These defendant's are sued in their individual capacities.

4.

10.  Plaintiff is informed and believes, and thereon alleges that at all relevant times defendant's S. Steadman, and Scott Anderson, were correctional associate warden(s), are individuals residing in the State of California and employed by CDCR as peace officers at RJDCF.  At all relevant times these named defendants were acting in the course and scope of their employment, under the color of law as officers of CDCR.  These defendant's are sued in their individual capacities.

11.  Plaintiff is informed and believes, and thereon alleges that at all relevant times defendant's Belinda Hedrick, was a Chief Deputy Warden, is an individual residing in the State of California and employed by CDCR as a peace officer at RJDCF.  At all relevant times this named defendant was acting in the course and scope of her employment, under the color of law as an officer of CDCR.  This defendant is sued in her individual capacity.

12.  Plaintiff is informed and believes, and thereon alleges that at all relevant times defendants Raymond Madden, and Marcus Pollard, were Warden's are individuals residing in the State of California and employed by CDCR as peace officers at RJDCF.  At all relevant times these named defendant's were acting in the course and scope of their employment, under the color of law as officers of CDCR.  These defendant's are sued in their individual capacities.

13.  Plaintiff is informed and believes, and thereon alleges that at all relevant times defendant Y. Sato, was a Psychologist, is an individual residing in the State of California and employed by CDCR as a peace officer and psychologist at RJDCF.  At all relevant times this named defendant was acting in the course and scope of his employment, under color of law as a peace officer of CDCR.  This defendant is sued in his individual capacity.

14.  Plaintiff is informed and believes, and thereon alleges that at

all relevant times defendant Kathleen Allison was the Secretary of CDCR, is an individual residing in the State of California and employed by CDCR as a peace officer and Secretary of CDCR.  At all relevant times this named defendant was acting in the course and scope of her employment, under color of law as a peace officer of CDCR.  This defendant is sued in her **OFFICIAL CAPACITY.**

15.  CDCR was at all relevant times operating, maintaining, managing and doing business as RJDCF, a State owned and operated correctional, rehabilitation and medical facility for men in California, and as such assumed the responsibility of providing a Constitutionally mandated level of safety to inmates housed within RJDCF as wards of the State.  Similarly, CDCR was responsible for overseeing the day-to-day operations and security of the prison.  All of the acts complained of in the complaint were done and performed by defendant's, and each of them, as authorized agents, sergeants and/or employees acting within the course and scope of their employments by CDCR.  CDCR ratified all of the acts complained of herein.

<u>GENERAL ALLEGATIONS</u>:

16.  At all relevant times, Plaintiff Davis, was imprisoned at RJDCF in San Diego, California serving a prison sentence imposed for a 1991 issue.

17.  California Code of Regulations ("CCR") Title 15, Section §3169(a) is a mandate by CDCR to all CDCR employees.  It states that access to the courts shall not be obstructed....Staff shall not in any way retaliate against or discipline any inmate for initiating or maintaining a lawsuit. (See Exhibit #1)  Plaintiff attached a copy of this regulation to his CDCR 602 grievance form(s) when the herein defendant(s) retaliated against him. It was made clear to all defendants at all levels of employment that no retaliation or interference with plaintiff's legal rights is lawful.

18.  Plaintiff is an ADA inmate or a person with severe medical issue(s)

that require him to use medical devices to carry out his daily activities. Rosen Bien Galvan and Grunfeld LLP are attorneys that represent plaintiff in the Class Action suit <u>Armstrong v. Newsom</u>, 94-cv-2307 (N.D. Cal.) and on February 28, 2020 filed a Motion to STOP defendants from retaliating against inmate(s) (plaintiff) with disabilities. (See Exhibit #2.) It was made clear to each herein named defendant that he would suffer no retaliation by any correctional peace officer for any reason, at any time.

19. Plaintiff was moved to RJDCF, Housing Unit A-4, circa November 2019 by order of then Facility A, Captain, Scott Anderson. It was alleged that all DPO (wheelchair bound) inmates must be housed in A-4.

20. In November 2019, plaintiff was summoned to the HU A-4 C/O Office to see Defendant J. Corcoran. At that time C/O J. Corcoran told plaintiff not to "file staff misconduct complaints" while housed in his housing unit. (See Exhibit #3.) That same month Davis was taken out-of-prison for his (9) ninth heart surgery.

21. In January 2021, after a severe bout of COVID-19, plaintiff began respectfully requesting to be moved to HU A-4-142 as there is better air ventilation in that area. Defendant Corcoran, repeatedly lied to plaintiff as to why he could not move plaintiff into that available DPO/ADA cell. When plaintiff confronted Defendant Corcoran, about his repeated lies, he yelled at plaintiff and began telling other inmates to retaliate against plaintiff on his (Corcorans') behalf.

22. Due to the repeated verbal harassment by Defendant C/O J. Corcoran, and the ongoing attempts by him to have other inmate's retaliate against plaintiff, plaintiff suffered (2) two heart attacks. (Plaintiff was not aware of the nature of the heart attacks as such until May 20, 2021.) (See Exhibits: #26; #27; #28; #29; #30, and #31.)

23. When plaintiff again confronted Defendant J. Corcoran and Defendant

7.

E. Gonzalez, about the refusal to move plaintiff, on March 29, 2021, Corcoran became angry and then discussed plaintiff's personal confidential information to/with in front of all inmates in the HU dayroom area. (See Exhibit #3) (There are (4) four inmate witness statements attached)  These allegations by plaintiff were fully exhausted via CDCR 602 and Government Claim Form. (See Exhibits: #33 and #34.)

24.   Beginning in late November 2020 through August 2021, someone was intentionally falsifying or failing to submit plaintiff's Inmate Time Card(s) and Pay for hours worked. (See Exhibit #4.)  Plaintiff did not become aware that Defendant C/O J. Corcoran, was/could alter those Time Cards as he is not, and never has/had been, plaintiff's direct supervisor.  In April and May of 2022, after Defendant J. Corcoran was allowed back into HU A-4, plaintiff learned that C/O Corcoran had again began to illegally and fraudulently alter plaintiff's Time Card(s).  While Exhibit #4, is fully exhausted, the April and May of 2022 incidents are undergoing full exhaustion at this time.

25.   On April 7, 2021, an inmate confronted plaintiff and informed him that he was told Defendant C/O J. Corcoran was offering any inmate, rewards, if that/any inmate would "drop" "kites" against plaintiff so Defendant C/O J. Corcoran could take further retaliation against plaintiff. (See Exhibit #4, Inmate Statement(s), and Exhibit #5, Fully Exhausted CDCR-602-2)  Then Defendant J. Corcoran and Defendant J. Pulido, on multiple date(s) used retaliatory cell search(s) against plaintiff for his filing lawful redress of grievance(s).  Likewise, Defendant J. Corcoran made it known to all Housing Unit A-4 inmates that plaintiff was a convicted sex offender. Defendant J. Corcoran was ensuring that HU #A-4 was a hostile living environment for plaintiff, causing stress and mental duress on plaintiff.

26.   On multiple date(s) between November 2019 and November 2021,

8.

plaintiff had meetings with Defendant's V. Acayan, Lieutenant, F. Martinez, Lieutenant, J. Martinez, Lieutenant, S. Steadman, Associate Warden, Scott Anderson, Associate Warden, D.A. Hampton, Correctional Sergeant, concerning the ongoing retaliation against plaintiff by Defendant J. Corcoran and any other C/O or staff whom Defendant J. Corcoran, could enlist to assist him in his retaliation against plaintiff.  Plaintiff filed multiple CDCR-602 grievances and Staff Misconduct complaints, each of which was ignored by the other herein named and informed defendants, and each of them.

27.  Due to plaintiff's known severe medical condition(s) and prostrate cancer, plaintiff submitted a CDCR 1824 Form requesting Single Cell Status. (See Exhibit #6)  Defendant Scott Anderson, Associate Warden, ADA Coordinator interviewed plaintiff, GRANTED SINGLE CELL STATUS, and also acknowledged the ongoing retaliation by Defendant J. Corcoran and others.  Defendant S. Anderson, stated that all Administrative Level Staff up to the Warden, were aware and were going to do something about the illegal action(s).

28.  Plaintiff informed Rosen Bien Galvan and Grunfeld LLP, ADA Attorneys that Defendant J. Corcoran was threatening plaintiff and taking unlawful action(s) against plaintiff.  These attorneys responded on April 15, 2021. They stated they would likewise contact CDCR, i.e. Defendant Kathleen Allison, Secretary of CDCR.  (See Exhibit #7)

29.  On May 4, 2021 plaintiff was interviewed by Defendant D.A. Hampton, Correctional Sergeant, and Defendant J. Corcoran's direct supervisor. Defendant D.A. Hampton was informed that plaintiff was not in fear of other inmate(s), only retaliation by other inmate(s) because of Defendant J. Corcoran.  Defendant D.A. Hampton, told plaintiff to "just keep filling paperwork." (See Exhibit #8)

30.  In response to plaintiff's May 25, 2021, CDCR 1824 alleging Staff Misconduct by Defendant J. Corcoran, Defendant Belinda Hedrick, Chief Deputy

Warden, responded. Defendant Hedrick, acknowledged Defendant J. Corcoran had been taking unethical action(s) against plaintiff and had retaliated against plaintiff as well, in concert with Defendant J. Pulido. The appeal was GRANTED IN FULL and admitted CDCR Policy violation(s) did occur. (See Exhibit #9) Nothing was done to Defendant J. Corcoran.

30. On May 20, 2021, while plaintiff was out-of-prison for medical treatment by Dr. Pugh, DO, heart specialist, plaintiff was informed that his A.I.C.D. registered (2) two logged heart attacks i.e. VT's. When plaintiff returned to his prison housing he found that Defendant J. Corcoran and Defendant J. Pulido, had again searched plaintiff's cell, gone through and removed some of plaintiff's legal work and personal property. Plaintiff again filed grievance(s) regarding the ongoing retaliation. Each illegal action was/has been FULLY EXHAUSTED via CDCR 602 and Government Claim Form. (See Exhibit #10) Again, ADA attorneys were informed as were each named defendant herein.

31. On August 17, 2021, plaintiff filed a CDCR 1824 Form alleging Staff Misconduct and Retaliation by Defendant J. Corcoran, for plaintiff having filed legal grievance(s). (See Exhibit #11) While plaintiff was out of his housing unit for medical/mental health visit, Defendant J. Corcoran and Defendant J. Pulido, tore up plaintiff's cell.

32. On August 15, 2021, plaintiff made a telephone call to the Rosen Bien Galvan and Grunfeld LLP ADA attorneys, again informing them of the ongoing retaliation by Defendant J. Corcoran and Defendant J. Pulido, of which all herein named defendants had been informed of by plaintiff. Again it was stated that the attorney(s) would inform Kathleen Allison, Secretary of CDCR of the ongoing retaliation(s). (See Exhibit #12) The ADA attorneys again acknowledged the ongoing retaliation by Defendant J. Corcoran and other herein named defendants.

33.   On August 22, 2021, Defendant J. Corcoran approached plaintiff's cell during plaintiff's non-assigned work hours.  Defendant Corcoran, wanted plaintiff to file a Staff Misconduct Complaint against another C/O, because that other C/O had issued a rules violation report against Inmate Pacheco, BJ7886, a known inmate informant for Defendant J. Corcoran.  Plaintiff refused as his job duties did not included that type of action.  (See Exhibit #13.)

34.   On August 23, 2021, Defendant J. Corcoran confronted plaintiff and ordered him to go outside in the heat of the day, and perform ADA Wheelchair Pusher duties.  When plaintiff explained to Corcoran that he was medically exempted from outside work, and/or actually pushing wheelchairs, due to his multiple severe medical condition(s) Defendant J. Corcoran, Defendant R. Skog, and Defendant H. Sears, forced plaintiff into his cell and then issued a CDCR Rules Violation Report ("RVR") for Disobeying a Direct Order.  The RVR was retaliation for plaintiff refusing to file a Staff Misconduct complaint on behalf of Defendant J. Corcoran's known informant.  (See Exhibit #33; and Exhibit #14)  The issues were FULLY EXHAUSTED up to and through all CDCR Levels and Government Claims Board.

35.   On August 27, 2021, plaintiff was summoned to the Facility 'A' Program Office.  Once there plaintiff was confronted by ADA Sergeant Villa, an unknown ADA Sergeant, and Defendant D.A. Hampton, Sergeant.  Plaintiff was handed his properly filed August 23, 2021, CDCR 1824 Form and informed he could not file the Staff Misconduct Complaint §3484 and Retaliation §3484, against Defendant J. Corcoran, using the CDCR 1824 Form.  (See Exhibit #13.)

36.   However, on August 24, 2021, the RJDCF RAP Committee supervised by Defendant Scott Anderson, Associate Warden, received the August 23, 2021, CDCR 1824 Form.  Defendant(s) responded that NO ADA ISSUES were found even

though plaintiff clearly stated retaliation against himself an ADA Inmate, and ADA Inmate Worker. (See Exhibit #14)  The alleged issue(s) were FULLY Exhausted up to and through All CDCR Levels and Government Claims Board. (See Exhibits: #33; and #34.)

37.  Unknown to plaintiff at that time, on August 24, 2021, because plaintiff refused to file a Staff Misconduct Claim for Defendant J. Corcoran's known informant, Defendant J. Corcoran, Defendant H. Sears, and Defendant R. Skog, manufactured a FALSIFIED RULES VIOLATION REPORT. ('RVR' CDCR-115) (See Exhibit #33.)  Defendant J. Corcoran was again retaliating against plaintiff and attempting to have plaintiff fired/removed from his ADA Work Assignment; extend plaintiff's prison term illegally; and deny plaintiff any benefit of the Rehabilitation Act as further retaliation.

38.  On September 14, 2021, multiple inmate(s) witnessed Defendant J. Corcoran, illegally give to his Housing Unit Inmate Clerk, previously confiscated inmate contraband.  That Inmate Clerk paid other inmate(s) with that property to "drop" "kites" against plaintiff on September 15, 2021. The "kites" were to allege plaintiff and another inmate would harm staff. (See Exhibit #33)

39.  On September 16, 2021, Defendant Ruelas, arrested plaintiff and took him to the I.S.U. Main Office.  While plaintiff was restrained, Defendant (M) Gonzalez, C/O (whom may be a Correctional Sergeant) Defendant D. Eustaquio, Sergeant, supervised by Defendant Sergeant L. Urena, and Defendant J. Corcoran "trashed" plaintiff's cell again and damaged personal property while going through plaintiff's legal documents/work.  (See Exhibit #33)  These allegations were FULLY EXHAUSTED through all levels via a CDCR 602 Grievance and Government Claim Form.

40.  Defendant Ruelas and another unknown C/O questioned plaintiff stating they had received a "kite" with information on it dated September

12.

15, 2021, alleging that plaintiff and another inmate were going to take staff hostage while they were out-of-the-prison on transport(s) and attempt escape. The only way which any person would know of that/those out-of-prison transport(s) for the (2) two named inmate(s) would be if a C/O had provided the information to the inmate to place in the "kite." Defendant Ruelas informed plaintiff he was being placed into Ad. Seg. based upon the information in the false "kite."

41. Upon being informed of the cause of being placed into Ad. Seg., plaintiff instructed the Defendant Ruelas, to review plaintiff's grievance history against Defendant J. Corcoran. Defendant Ruelas, thereafter, had a meeting with other staff and named defendant's, and it was immediately clear the "kite" was false. Plaintiff was released to return to his cell.

42. Once back to his cell, plaintiff saw the extent of damage done to his legal work and personal property. Again, Defendant D. Eustaquio, had illegally confiscated a Durable Medical Equipment (DME) writing board, with the approval of Defendant J. Corcoran and Defendant L. Urena, ADA Sergeant. The ADA DME writing board had been approved for plaintiff to keep, by Defendant Belinda Hedrick, Chief Deputy Warden. That written approval was attached to the illegally confiscated DME item.

43. On Monday 20, 2021, plaintiff was taken out-of-prison for his initial cancer treatment that was to begin on September 20, 2021 and go until plaintiff had received (40) forty treatments for his cancer. Defendant J. Corcoran, had not been back to work in HU #A-4 since the September 16, 2021 incident. As soon as plaintiff was removed under escort from A-4, Defendant J. Corcoran, went into plaintiff's cell and again "trashed" his legal work and again confiscated the ADA DME writing board. Defendant J. Corcoran refused to leave a cell search slip to cover he had done the search. Upon plaintiff's return to his cell after cancer treatment he learned of

Defendant J. Corcoran's illegal action(s).  Plaintiff confronted Defendant J. Corcoran and demanded a cell search slip.  Defendant J. Corcoran, did later summon his Inmate Clerk and had that inmate deliver a cell search slip to plaintiff.  The Slip listed NO items taken from the cell.

44.  On Tuesday September 21, 2021, plaintiff, who was scheduled for 40 consecutive cancer treatment(s), refused the cancer treatment because each and everytime plaintiff went out-to-medical, Defendant J. Corcoran, and whom ever worked as his assigned partner, went into plaintiff's cell and "trashed" it as retaliation, even though those staff never found contraband in the cell.

45.  On December 08, 2021, plaintiff's alleging Staff Misconduct was incorrectly rejected by CDCR.  (See Exhibit #15)  The reason it was not responded to was allegedly because time had expired.  However, it is CDCR's policy to allow any valid CDCR 602 filed, pass the time limit for any answer then dismiss the CDCR 602 without any answer.

46.  On September 23, 2021, plaintiff was seen by Defendant Y. Sato, a Correctional Psychologist.  (See Memorandum dated 09/23/2021 attached to Exhibit #16.)  Plaintiff clearly alleged, again, and Defendant Y. Sato, wrote a memorandum to all concerned defendant's and  J. Martinez, Defendant that allegations of retaliation had been made by plaintiff.  Nothing was done in response to that written report of retaliation.  Defendant Marcus Pollard, and Defendant Raymond Madden, Warden (A) found NO VIOLATION(S) due to the illegal action(s) of Defendant J. Corcoran.  (See Exhibit #16)

47.  On September 26, 2021, plaintiff filed a CDCR 602 Grievance due to the conspiracy to retaliate against plaintiff by the named defendant's, and each of them and due to the damaged caused while searching plaintiff's cell on September 16, 2021.  (See Exhibit #17)  However, the damaged property is not an issue raised in this Civil Suit, only the conspiracy to take illegal action(s) against plaintiff.  These issue(s) were fully exhausted

through all levels of CDCR exhaustion as well as to the Board of Control.
(See Exhibit #17; #33, and Exhibit #34.)   Again, CDCR refused to acknowledge
the grievance by allowing the time to expire illegally in order to cover
the action(s) of the herein named defendants, and each of them.

48.   On September 27, 2021, plaintiff was summoned to the 'A' Facility
Program Office for the hearing on the RVR by Defendant J. Corcoran.   The
Hearing Officer was Defendant V. Acayan, Lieutenant.   Plaintiff had requested
that Defendant J. Corcoran, the writer of the RVR, Defendant R. Skog, the
staff that conspired with Corcoran, and Defendant H. Sears, all be present
at the hearing as adverse witnesses.   Only Defendant H. Sears, was allowed
at the RVR Hearing.   At that time Defendant V. Acayan, viewed the video
tape of the alleged incident.   Then when Defendant H. Sears, was given an
opportunity to speak he informed Defendant V. Acayan, the Defendant's
J. Corcoran and Defendant R. Skog, had attempted to have Sears, join them in
the falsifying of an RVR.   Because of the overwhelming proof that the RVR
was falsified and no violation had been committed by plaintiff, Defendant
V. Acayan, dismissed the RVR as plaintiff having provided proof in excess
of a preponderance of evidence.   Defendant J. Martinez, S. Steadman and
Defendant Marcus Pollard, thereafter took no action to remove Defendant J.
Corcoran, to an area where he could   not   continue to retaliate
against plaintiff.   It is against CDCR/CCR Title 15, regulations for any
inmate to file a grievance regarding any RVR until that RVR has been dismissed
and the FINAL COPY has been issued to the inmate.   Plaintiff's grievance
on this/these outlined illegal retaliatory action(s) was rejected as un-
timely in order to further cover up the illegal action(s) of the herein
named defendants' and each of them.   (See Exhibit #18.)

49.   On September 18, 2021, plaintiff was informed by Defendant F.
Martinez, that he had filed a report regarding the contraband issue from

15.

September 14, 2016. It was not allowed for plaintiff to know the complete details of that report, only that it had to do with Defendant J. Corcoran, issuing illegal contraband to inmates. This issue was fully exhausted through all CDCR levels and the Government Claims, Board of Control.

50. On November 5, 2021, plaintiff was summoned to the Board of Prison Hearing(s) ("BPH"). Once there plaintiff was informed that he was going to be Video Interviewed by an AIMS Unit Investigator. (See Exhibit #19.) Plaintiff was thereafter interviewed by Defendant Sharee Brown. Lieutenant, regarding Staff Misconduct Complaint(s) filed against Defendant J. Corcoran. During that interview, plaintiff showed Defendant Brown a multitude of GRANTED CDCR 602's alleging Retaliation and Policy Violation(s) by Defendant J. Corcoran, as well as the dismissed falsified RVR of August 24, 2021. After being fully informed of the extent of the illegal action(s) taken by Defendant J. Corcoran, in concert with other(s), Defendant Brown stated she could not report nor deal with any illegal conduct by Defendant J. Corcoran, save the single issue she was reviewing. All claims of alleged misconduct by Defendant J. Corcoran, were later denied by this Defendant.

51. On November 7, 2021, plaintiff was summoned to the Facility 'A' Program Office. (See Exhibit #19.) Plaintiff was interviewed by Defendant V. Acayan, Lieutenant, regarding Staff Misconduct allegations filed by plaintiff against Defendant J. Corcoran. After showing/providing to Defendant V. Acayan, all the hundreds of pages of previously filed and GRANTED CDCR 602's, Defendant V. Acayan, requested the names of the inmates whom had also submitted Inmate Witness Statements so they could be likewise interviewed by Defendant V. Acayan. When Defendant V. Acayan, submitted his finding that NO Violation(s) had occurred by Defendant J. Corcorans' action(s), he falsified the Report by stating he had interviewed each named inmate witness. Upon receiving that report, plaintiff discussed with each

named inmate witness the report.  Each and/or everyone of the inmate(s) stated that at no time had Defendant V. Acayan, interviewed them for any reason.

52.  During late November 2021, plaintiff was confronted by Defendant K. Cowart, ADA Sergeant, and Defendant S. Huss, ADA Sergeant.  They stated that Defendant Scott Anderson, ADA Associate Warden, had been contacted by CDCR/RJDCF staff from Headquarters (i.e. Defednat Kathleen Allison, Secretary of CDCR,) and the Warden, Defendant Marcus Pollard, had been ordered to further investigate the multiple Staff Misconduct Complaints filed by plaintiff regarding Retaliation and other violation(s) by Defendant J. Corcoran.  Plaintiff provided all his multiple allegation(s) of Retaliation and Misconduct by Defendant J. Corcoran.  After being shown proof via GRANTED CDCR 602's that admitted unethical action(s); violation(s) of CDCR Policy(s); and admitted retaliation against plaintiff by Defendant J. Corcoran and other named peace officers, these defendants denied any rule/misconduct violation(s) on the behalf of Defendant J. Corcoran, and failed to Stop those illegal action(s) by Defendant J. Corcoran.

53.  On January 3, 2022, Defendant E. Ominigbo, delivered to plaintiff a CDCR 602 Rejection Notice regarding the dismissed RVR on September 27, 2021.  Plaintiff had awaited the FINAL COPY of the Dismissed RVR before he could file his CDCR 602-1.  (See Exhibit #33, envelope dated 01/03/2022.) Upon reading the contents plaintiff discovered it was a denial of lodgment for the grievance regarding the Falsified RVR, by Defendant J. Corcoran. Appeals (grievance) staff intentionally and illegally rejected this lawful grievance in contradiction of CDCR Title 15 regulations.  Plaintiff approached Defendant E. Ominigbo, and requested that he contact Administrative Level staff regarding the illegal denial/rejection of the filing of the CDCR 602. The denial had allegedly been returned to plaintiff on November 11, 2021.

17.

Defendant E. Ominigbo, stated that all he would or could do for the plaintiff was to sign the envelope he had delivered to plaintiff and acknowledge that it only arrived to plaintiff on January 3, 2022, not in November 2021.  Defendant E. Ominigbo, had been fully informed of the nature of the ongoing retaliation by Defendant J. Corcoran, against plaintiff and should have, could have informed Supervisor staff, i.e. named herein defendant's of the known and/or alleged Staff Misconduct Complaint(s) by plaintiff in this matter.  For no lawful reason this defendant refused to make the requested report of retaliation and ongoing unethical action(s) by Defendant J. Corcoran against plaintiff.

54.  On May 8, 2022, after plaintiff had placed CDCR, Defendants et al., on NOTICE that he had been retaliated against in violation of the CCP §52.1 and CCP §52.7, Tom Bane Civil Rights Act as well as under the Ralph Civil Rights Act, a letter was prepared and sent to the San Diego County District Attorney. (See Exhibit #20.)  Plaintiff acknowledged to the D.A. that the Tom Bane Civil Rights Act as well as the Ralph Civil Rights Act had been repeatedly violated and CDCR/RJDCF admitted the same.  Each violation of these act(s) are to result in a fine of $25,000.00 per violation per person.

55.  On May 8, 2022, Inmate Sean Joseph Scanlan, BH9768, signed a STATEMENT OF INAMTE that was executed under penalty of perjury as to the known illegal action(s) of the herein named defendant(s) on an ongoing basis. (See Exhibit #21.)

56.  Plaintiff prepared and filed a Government Claim Form due to the damage done during the September 16, 2021, retaliation cell search.  (See Exhibit #22.)  In that required exhaustion step, plaintiff again named Defendant R. Maddei Warden (A), Defendant Scott Anderson, Associate Warden, Defendant J. Corcoran, Defendant Ruelas, Defendant (M) Gonzales, Defendant D. Eustaquio, and multiple other named peace officers.  As the Inmate

18.

Trust Office was overlong in replying to plaintiff's request for a CERTIFIED Copy of his Trust Account, plaintiff had to file once on December 10, 2021 without the Certified Document. Then he filed the Board of Control a second time on January 12, 2022. The Board of Control never responded in any manner to either filing by plaintiff.

57. On December 16, 2021, Rosen Bien Galvan and Grunfeld LLP attorneys contacted plaintiff in regards to denial of plaintiff's right to take/allow him the privilege of showering following an incontinence accident. (See Exhibit #23.) The issue was discussed by/with CDCR Headquarters, i.e. Kathleen Allison, Secretary of CDCR, herein named defendant.

58. On December 21, 2021, Rosen Bien Galvan and Grunfeld LLP ADA attorneys responded to plaintiffs' shared legal documents that showed the named Defendant V. Acayan, Lieutenant had lied and falsified State documents in order to further extend the conspiracy to protect Defendant J. Corcoran and his ongoing illegal and unethical action(s) and retaliation(s). Defendant V. Acayan never talked to and/or with any of the inmate witnesses, yet, the Defendant denied any wrong doing by Defendant J. Corcoran, and any other named defendant(s). (See Exhibit #19, and Exhibit #24.)

59. In late March 2022, staff member's Westberry and another peace officer came to plaintiff's cell, woke him and had him exit the cell. Once outside the cell, plaintiff noticed that in the Housing Unit was the Defendant Sean P. Durment, Captain, E. Aukerman, Correctional Counselor II, Defendant T. Martinez, Lieutenant, and Sergeant Martinez. There was also a new device that CDCR/RJDCF had recently purchased. It was a portable passive metal detector. Plaintiff was informed that since he had filed so many Staff Misconduct Complaint(s) against Defendant J. Corcoran, Administrative Level staff decided that plaintiff must be a threat to that Defendant. As such every piece of plaintiff's property and legal documents were removed from

19.

his cell while the entire building full of inmate(s) watched, and that property
was pushed through the metal detector as further retaliation for plaintiff's
claims filed against Defendant J. Corcoran.  That information again was sent
to the ADA Attorneys at Rosen Bien Galvan and Grunfeld LLP.  (See Ex.#24;&#25)

60.  After plaintiff had suffered multiple act(s) of retaliation and
proven falsified malicious prosecution by Defendant J. Corcoran, and all the
other herein named defendants, plaintiff obtained his CDCR/RJDCF medical
records which showed the actual harm plaintiff had suffered including the
mental duress.  (See Exhibits: #26; #27; #28; #29; #30; #31; and #32.)

61.  Plaintiff on December 10, 2021 filed to the Board of Control for
complete exhaustion at the State Level of Review.  (See Exhibit #33.) Since
CDCR/RJDCF had taken such a long time to return the requested Certified
Trust Statement, plaintiff had to mail the Government Claim again on
January 12, 2022.  (See Exhibit #35.)

62.  Plaintiff on February 25, 2022, filed with the California Board
of control his claim to fully exhaust the conspiracy claim(s) of named
defendants' herein.  (See Exhibit #34.)  The Board of Control Claim was
mailed on 02/25/2022.  The Board of Control did not respond to either of
plaintiff's properly and timely filed Government Claims.  As the time for
that/those responses to plaintiff's properly filed Board of Control Claims
have expired, this Court must deem all CDCR/RJDCF and State required
exhaustion having been sought and denied to the plaintiff.  (See Ex. #35)

63.  As a direct and proximate result of defendants' conduct, plaintiff
sustained economic damages consisting of (1) the value of lost financial
and other monies from plaintiff's assigned ADA Work, (2) the damage to
property of plaintiffs', (3) the reasonable value of the Tom Bane Civil
Rights Act violation(s) as well as the Ralp Civil Rights Act violation(s)
that entitle plaintiff to $25,000.00 per violation proven and/or admitted

by CDCR/RJDCF defendant(s) et al., of the herein named (26) twenty-six defendants, and each of them. As well as plaintiff being entitled to the amount of $25,000.00 per violation proven, against/from each of the herein named (26) twenty-six defendants', for the Ralph Civil Rights Act violation(s).

64. As a direct and proximate result of defendant's conduct, plaintiff has sustained non-economic damages consisting of mental duress; infliction of heart attack(s) on at least (2) two separate dates as proven by medical record provided by defendants; and a multitude of retaliatory cell search(s) in which defendants' illegally "trashed" the Cell and went through and/or destroyed plaintiff's legal paperwork/records, due to plaintiff's lawful preparing and filing of Staff Misconduct Complaints. Those illegal action(s) were admitted by Defendant Belinda Hedrick, Chief Deputy Warden, and sent to Defendant Kathleen Allison, Secretary of CDCR, to review.

65. Since during exhaustion of CDCR 602, named defendants admitted that Defendant J. Corcoran, and other peace officers conspiring with him, did violation CDCR Policy, and did retaliate against plaintiff illegally due to plaintiff's lawful filing of grievance(s). Further, CDCR/RJDCF defendants named herein did likewise find that the August 24, 2021, RVR that was issued against plaintiff by Defendants J. Corcoran, R. Skog, and H. Sears, was a flasified document and that it was unlawful retaliation. Based on the above admitted facts and violation(s) by the herein named defendants' and each of them, they have waived their right to claim any immunity in the herein filed Civil Rights Complaint.

FIRST CLAIM FOR RELIEF (Against All Defendants)
(Interferring With A Person's Constitutional Rights By Retaliation)
(Violation of California Civil Code §52.1 Tom Bane Civil Rights Act)

66. Plaintiff incorporates by reference each and every allegation of

this complaint as though fully set forth herein.

67. Defendants, and each of them, owed a duty imposed by law to use reasonable care in conducting themselves as peace officers and completing the multiple cell search(s) of plaintiffs' cell.

68. Defendants and each of them failed to exercise the degree of care and caution that a reasonable and prudent person would exercise under like conditions and circumstances. Defendants failed to conform to a certain standard of conduct for the protection of plaintiff against unreasonable risk of injury and/or possible death. This/these failure(s) exposed the plaintiff to an unreasonable risk of harm.

69. Defendants undertook the responsibility of providing correctional services to plaintiff, including multiple retaliation cell search(s), which defendants should have recognized as retaliation for lawful actions on the part of plaintiff. Similarly, defendants failed to properly conduct the multiple retaliation cell search(s) by the herein named defendants. As a result of defendants' multiple failures to properly supervise Defendant J. Corcoran and all herein named defendants' and/or to review inmate records, and failure to otherwise exercise reasonable care, plaintiff and plaintiffs' property were damaged.

70. Plaintiff was particularly vulnerable in light of his incarceration and relied on defendants (whom had control over him), for protection from violent assault as retaliation, which is not part of the penalty that criminal offenders pay for their offenses against society.

71. On or about December 10, 2021; January 12, 2022; and February 25, 2022, plaintiff submitted (2) two separate Claim for Damages and Certified Inmate Turst Account Statement(s) to the State of California Government Claims Act, Government Code section §810, et seq. (The Claims) The Board of Control never acknowledged any of the (3) three mailings to them in any

manner at any time within the allowed time frame for a response to either Claim presented in a timely manner by plaintiff to the Government Claims Board of Control.

SECOND CLAIM FOR RELIEF (Against All Defendants)
(Retaliation due to plaintiff's Medical Conditions in violation of the
(Ralph Civil Rights Act, Intimidation by threat of violence)(Violation of
(California Civil Code Section §52.7) The Ralph Civil Rights Act)

72. Plaintiff incorporates by reference each and every allegation of this complaint as though fully set forth herein.

73. Defendants, and each of them, owed a duty imposed by law to use reasonable care in conducting themselves as peace officers and completing the multiple cell search(s) of plaintiff's cell.

74. Defendants and each of them failed to exercise the degree of care and caution that a reasonable and prudent person would exercise under like conditions and circumstances. Defendants failed to conform to a certain standard of conduct for the protection of plaintiff against unreasonable risk of injury and/or possible death. This/these failure(s) exposed the plaintiff to an unreasonable risk of harm.

75. Defendants undertook the responsibility of providing correctional services to plaintiff, including multiple retaliation cell search(s), which defendants should have recognized as retaliation for lawful actions on the part of plaintiff. Similarly, defendants failed to properly conduct the multiple retaliation cell search(s) by the herein named defendants. As a result of defendants' multiple failures to properly supervise Defendant J. Corcoran and all herein named defendants' and/or review inmate records, and failure to otherwise exercise reasonable care, plaintiff and plaintiffs' property were damaged.

76. Plaintiff was particularly vulnerable in light of his incarceration and relied on defendants (whom had control over him), for protection from violent assault as retaliation, which is not part of the penalty that criminal

offenders pay for their offenses against society.

77.    On or about December 10, 2021; January 12, 2022; and February 25, 2022, plaintiff submitted (2) two separate Claim for Damages and Certified Inmate Trust Account Statement(s) to the State of California Government Claims Act, Government Code section §810, et seq.  (The Claims)  The Board of Control never acknowledged any of the (3) three mailings to them in any manner at any time within the allowed time frame for a response to either Claim presented in a timely manner by plaintiff to the Government Claims Board of Control.

**THIRD CLAIM FOR RELIEF** (Against All Defendants)
(Malicious Prosecution; Fourth Amendment) (Government Code 844.6(d)).
and (42 U.S.C. §1983)

78.    Plaintiff incorporates by reference each and every allegation of this complaint as though fully set forth herein.

79.    Defendants, and each of them, owed a duty imposed by law to use reasonable care in conducting themselves as peace officers and completing the multiple cell search(s) and falsified RVR reports against plaintiff.

80.    Defendants and each of them failed to exercise the degree of care and caution that a reasonable and prudent person would exercise under like conditions and circumstances.  Defendants failed to conform to a certain standard of conduct for the protection of plaintiff against unreasonable risk of injury and/or possible death.  This/these failure(s) exposed the plaintiff to an unreasonable risk of harm.

81.    Defendants undertook the responsibility of providing correctional services to plaintiff, including multiple retaliation cell search(s) and conspiracy to prosecute a known falsified Rules Violation Report, which defendants should have recognized as retaliation for lawful actions on the part of plaintiff.  Similarly, defendants failed to properly conduct the multiple retaliation cell search(s) and falsified RVR hearing by the herein

named defendants.  As a result of defendants' multiple failures to properly supervise Defendant J. Corcoran, and all herein named defendants' and/or review inmate records, and failure to otherwise exercise reasonable care, plaintiff was subjected to the malicious prosecution by the herein named defendants for his lawful filing of grievance(s).

82.  Plaintiff was particularly vulnerable in light of his incarceration and relied on defendants (whom had control over him), for protection from violent assault as retaliation, which is not part of the penalty that criminal offenders pay for their offenses against society.

83.  On or about December 10, 2021; January 12, 2022; and February 25, 2022, plaintiff submitted (2) two separate Claim for Damages and Certified Inmate Trust Account Statement(s) to the State of California Government Claims Act, Government Code Section §810, et seq.  (The Claims)  The Board of Control never acknowledged any of the (3) three mailings to them in any manner at any time within the allowed time frame for a response to either Claim presented in a timely manner by plaintiff to the Government Claims Board of Control.

FOURTH CLAIM FOR RELIEF (Against All Defendants)
(Violation of the First Amendment Interference With)
(Right To File Grievances (42 U.S.C. §1983.)

84.  Plaintiff incorporates by reference each and every allegation of his complaint as though fully set forth herein.

85.  Title 42 of the United States Code, Section 1983 provides in pertinent part:

Every person who, under color of any statute, ordinance,
regulation, custom, or usage of any State or Territory subjects,
or causes to be subjected, any person of the United States or
other person within the jurisdiction thereof to the deprivation
of any rights, privileges, or immunities secured by the
Constitution and laws shall be liable to the party injured in
an action at law, suit at equity or other property proceeding
for redress.

86.  The conduct complained of herein was undertaken pursuant to the

policies, practices and customs by the individual defendants.

87.  Each defendant, acting under color of state law, through their own individual actions and through their policies, practices and customs, deprived plaintiff of rights, privileges, and immunities secured by the Constitution and laws of the United States under the First Amendment, by subjecting him, or allowing others to subject him, to retaliation due to his lawful filing of redress(s) of grievance(s).

88.  Defendants know and admitted that plaintiff had been and was being retaliated against and punished for his lawful filing of Staff Misconduct Complaints.

89.  Defendants despite knowing plaintiff faced serious proven retaliation and interference with the filing of lawful grievance(s), conspired to cover-up those illegal retaliations to protect an admitted unethical peace officer.

90.  By failing to remove the unethical peace officer, defendants disregarded that obvious risk of harm and further retaliation(s) by the unethical peace officer, and further interference with plaintiffs' court filings.

91.  As a direct and proximate cause of the aforementioned acts/failures to act of defendants and each of them, plaintiff was injured as set forth above.

92.  As the direct and proximate result of defendants' actions, plaintiff has suffered, and will continue to suffer, physical, mental and emotional injury, all to an extent and in an amount subject to proof at trial.  Plaintiff will also have to incur attorneys' fees, cost and expenses, including those authorized by 42 U.S.C. §1988, to an extent and in an amount subject to proof at trial.

93.  Plaintiff is informed and believes and thereon alleges that defendants, and each of them, acted with proven and admitted malice toward plaintiff, or acted with a willful and conscious disregard for the rights

of plaintiff in a despicable, vile, and contemptible manner.  Therefore, plaintiff is entitled to an award of punitive damages for the purpose of punishing defendants and to deter them and others from such conduct in the future.

### FIFTH CLAIM FOR RELIEF (Against All Defendants)
### (Violation of the Fourth Amendment By Retaliation For Filing)
### (Lawful Grievances (42 U.S.C. §1983)

94.  Plaintiff incorporates by reference each and every allegation of this complaint as though fully set forth herein.

95.  The conduct complained of herein was undertaken pursuant to the policies, practices and customs of the CDCR, an agency of the State of California, and was sanctioned and approved by the individual defendants.

96.  Each defendant, acting under color of State law, through their own individual actions and through their policies, practices and customs, deprived plaintiff of rights, privileges, and immunities secured by the Constitution and laws of the United States under the Fourth Amendment Right to be free of retaliation, and thereby subjected him, or allowing others to subject him, to admitted retaliation for his lawful filing of grievance(s).

97.  Defendants despite knowing plaintiff faced serious proven retaliation for his lawful filing of grievances, conspired to cover-up their repeated and admitted retaliation for filing lawful grievance(s) to protect an unethical peace officer.

98.  By failing to remove the unethical peace officer, defendants' disregarded that obvious risk of harm and further retaliation(s) by the known unethical peace officer for filing lawful grievance(s).

99.  As a direct and proximate cause of the aforementioned acts/failures to act of defendants and each of them, plaintiff was injured as set forth above.

100.  As the direct and proximate result of defendants' actions,

27.

plaintiff has suffered, and will continue to suffer, physical, mental and emotional injury, all to an extent and in an amount subject to proof at trial. Plaintiff will also have to incurs attorneys' fees, cost and expenses, including those authorized by 42 U.S.C. §1988, to an extent and in an amount subject to proof at trial.

101. Plaintiff is informed and believes and thereon alleges that defendants, and each of them, acted with admitted and proven malice toward plaintiff, or acted with a willful and conscious disregard for the rights of plaintiff in a despicable, vile, and contemptible manner. Therefore, plaintiff is entitled to an award of punitive damages for the purpose of punishing defendants and to deter them and others from such conduct in the future.

SIXTH CLAIM FOR RELIEF (Against All Defendants)
(Violation of Fourth Amendment By Using Repeated)
(Retaliatory Cell Search(s) (42 U.S.C. §1983)

102. Plaintiff incorporates by reference each and every allegation of this complaint as though fully set forth herein.

103. The conduct complained of herein was undertaken pursuant to the policies, practices and customs of the CDCR, an agency of the State of California, and was sanctioned and approved by the individual defendants.

104. Each defendant, acting under color of law, through their own individual actions, and through their policies, practices, and customs, deprived plaintiff of rights, privileges, and immunities secured by the Constitution and laws of the United States under the Fourth Amendment right to be free of multiple retaliatory cell search(s), and thereby subjected him, or allowing others to subject him, to admitted retaliatory cell search(s) for plaintiffs' lawful filing of Staff Misconduct grievance(s).

105. Defendants despite knowing plaintiff faced serious proven retaliatory cell search(s) for his lawful filing of Staff Misconduct grievance(s),

conspired to cover-up their repeated admitted unethical retaliatory cell search(s) due to lawful grievance filing(s), to protect an admitted unethical peace officer.

106.  By failing to remove the unethical peace officer, defendants' disregarded that obvious risk of harm and further retaliatory cell search(s) by the unethical peace officer in conspiracy with others, due to plaintiff filing lawful Staff Misconduct grievance(s).

107.  As a direct and proximate cause of the aforementioned acts/failures to act of defendants and each of them, plaintiff was injured as set forth above.

108.  As the direct and proximate result of defendants' actions, plaintiff has suffered, and will continue to suffer, physical, mental and emotional injury, all to an extent and in an amount subject to proof at trial. Plaintiff will also have to incur  attorneys' fees, cost and expences, including those authorized by 42 U.S.C. §1988, to an extent and in an amount subject to proof at trial.

109.  Plaintiff is informed and believes, and thereon alleges that defendants, and each of them, acted with proven and admitted malice toward plaintiff, or acted with a willful and conscious disregard for the rights of plaintiff in a despicable, vile, and contemptible manner.  Therefore, plaintiff is entitled to an award of punitive damages for the purpose of punishing defendants' and to deter them and others from such conduct in the future.

SEVENTH CLAIM FOR RELIEF (Against All Defendants)
(Violation of the Eighth Amendment Cruel and Unusual)
(Harassment (42 U.S.C. §1983)

110.  Plaintiff incorporates by reference each and every allegation of this complaint as though fully set forth herein.

111.  The conduct complained of herein was undertaken pursuant to the policies, practices and customs of the CDCR, an agency of the State of

California, and was sanctioned and approved by the individual defendants.

112. Each defendant, acting under color of law, through their own individual actions, and through their policies, practices, and customs, deprived plaintiff of rights, privileges, and immunities secured by the Constitution and laws of the United States under the Eighth Amendment right to be free of cruel and unusual harassment, and thereby subjected him, or allowing others to subject him, to admitted retaliatory action(s) for plaintiffs' lawful filing of Staff Misconduct grievance(s), as admitted.

113. Defendants despite knowing plaintiff faced serious proven harassment for his lawful filing of Staff Misconduct grievance(s), conspired to cover-up their repeated admitted unethical harassment due to the lawful grievance filing(s), to protect an admitted unethical peace officer.

114. By failing to remove the unethical peace officer, defendants' disregarded that obvious risk of harm and further harassment by the unethical peace officer in conspiracy with others, due to plaintiff filing lawful Staff Misconduct grievance(s), as admitted by defendants.

115. As the direct and proximate result of defendants' actions, plaintiff has suffered, and will continue to suffer, physical, mental and emotional injury, all to an extent and in an amount subject to proof at trial. Plaintiff will also have to incur attorneys' fees, cost and expenses, including those authorized by 42 U.S.C. §1988, to an extent and in an amount subject to proof at trial.

116. Plaintiff is informed and believes, and thereon alleges that defendants, and each of them, acted with proven and admitted malice toward plaintiff, or acted with a willful and conscious disregard for the rights of plaintiff in a despicable, vile, and comtemptible manner. Therefore, plaintiff is entitled to an award of punitive damages for the purpose of punishing defendants' and to deter them and others from such conduct in

the future.

### EIGHTH CLAIM FOR RELIEF (Against All Defendants)
#### (Violation of Eighth Amendment By Being Deliberately
#### (Indifferent To Known Severe Multiple Medical Condition(s))
#### (42 U.S.C. §1983)

117.  Plaintiff incorporates by reference each and every allegation of this complaint as though fully set forth herein.

118.  The conduct complained of herein was undertaken pursuant to the policies, practices and customs of the CDCR, an agency of the State of California, and was sanctioned and approved by the individual defendants.

119.  Each defendant, acting under color of law, through their own individual actions, and through their policies, practices, and customs, deprived plaintiff of rights, privileges, and immunities secured by the Constitution and laws of the United States under the Eighth Amendment right to be free of deliberately indifferent actions of peace officers, and thereby subjected him, or allowing others to subject him, to admitted deliberately indifferent treatment even though the defendants were informed that the plaintiff suffered multiple severe medical conditions, for the lawful filing of Staff Misconduct grievance(s), as admitted.

120.  Defendants despite knowing plaintiff faced serious proven deliberate indifference for his lawful filing of Staff Misconduct grievance(s), conspired to cover-up their repeated admitted unethical deliberate indifferent due to plaintiff's filing of Staff Misconduct grievance(s), to protect an admitted unethical and retaliatory peace officer.

121.  By failing to remove the unethical peace officer, defendants' disregarded that obvious risk of harm and further deliberate indifference by the unethical peace officer in conspiracy with others, due to plaintiff filing lawful Staff Misconduct grievance(s), as admitted by defendants.

122.  As the direct and proximate result of defendants' actions, plaintiff has suffered, and will continue to suffer, physical, mental and emotional

31.

injury, all to an extent and in an amount subject to proof at trial. Plaintiff will also have to incur attorneys' fees, cost and expenses, including those authorized by 42 U.S.C. §1988, to an extent and in an amount subject to proof at trial.

123.  Plaintiff is informed and believes, and thereon alleges that defendants, and each of them, acted with proven and admitted malice toward plaintiff, or acted with a willful and conscious disregard for the rights of plaintiff in a despicable, vile, and contemptible manner.  Therefore, plaintiff is entitled to an award of punitive damages for the purposes of punishing defendants' and to deter them and others from such conduct in the future.

NINTH CLAIM FOR RELIEF (Against All Defendants)
(Violation of Eighth Amendment By Forcing To Do Work)
(In Excess of Known Medical Ability (42 U.S.C. §1983)

124.  Plaintiff incorporates by reference each and every allegation of this complaint as though fully set forth herein.

125.  The conduct complained of herein was undertaken pursuant to the policies, practices and customs of the CDCR, an agency of the State of California, and was sanctioned and approved by the individual defendants.

126.  Each defendant, acting under color of law, through their own individual actions, and through their policies, practices, and customs, deprived plaintiff of rights, privileges, and immunities secured by the Constitution and laws of the United States under the Eighth Amendment right to be free of forced labor in excess of a persons medical ability to do the work by unethical peace officers, and thereby subjected him, or allowing others to subject him, to admitted forced labor in excess of medical ability to medically perform those work duties, as retaliation for lawful filings of Staff Misconduct grievance(s), as admitted by defendants'.

127.  Defendants despite knowing plaintiff faced serious proven medical harm(s) they retaliated due to his lawful filing of Staff Misconduct grievances,

conspired to cover-up their repeated admitted unethical forced labor in excess of plaintiff proven medical limits, due to plaintiffs' lawful filing(s) of Staff Misconduct grievance(s), that defendants' admitted.

128. By failing to remove the unethical peace officer, defendants' disregarded that obvious risk of harm and further forced him to work in excess of his medical abilities as retaliation for his lawful filing of Staff Misconduct grievance(s), by the unethical peace officer in conspiracy with others, due to plaintiff filing lawful Staff Misconduct grievance(s), as admitted by defendants.

129. As the direct and proximate result of defendants' actions, plaintiff has suffered, and will continue to suffer, physical, mental and emotional injury, all to an extent and in an amount subject to proof at trial. Plaintiff will also have to incur attorneys' fees, cost and expenses, including those authorized by 42 U.S.C. §1988, to an extent and in an amount subject to proof at trial.

130. Plaintiff is informed and believes, and thereon alleges that defendants, and each of them, acted with proven and admitted malice toward plaintiff, or acted with a willful and conscious disregard for the rights of plaintiff in a despicable, vile, and contemptible manner. Therefore, plaintiff is entitled to an award of punitive damages for the purposes of punishing defendants' and to deter them and others from such conduct in the future.

**TENTH CLAIM FOR RELIEF** (Against All Defendants)
(Violation of Eighth Amendment by Multiple Harassing)
Cell Search(s) As Retaliation (42 U.S.C. §1983)

131. Plaintiff incorporates by reference each and every allegation of this complaint as though fully set forth herein.

132. The conduct complained of herein was undertaken pursuant to the policies, practices and customs of the CDCR, an agency of the State of

33.

California, and was sanctioned and approved by the individual defendants.

133. Each defendant, acting under color of law, through their own individual actions, and through their policies, practices, and customs, deprived plaintiff of rights, privileges, and immunities secured by the Constitution and laws of the United States under the Eighth Amendment right to be free from multiple retaliatory cell search(s) because plaintiff filed lawful Staff Misconduct grievance(s), and thereby subjected him, or allowing others to subject him, to admitted retaliatory cell search(s) due to his lawful filing of Staff Misconduct grievance(s), as admitted by defendants.

134. Defendants despite knowing plaintiff faced serious proven medical harms(s) they retaliated due to his lawful filing of Staff Misconduct grievance(s), conspired to cover-up their repeated admitted unethical cell search(s) as retaliation, due to the lawful filing of Staff Misconduct grievance(s) by plaintiff, as admitted by defendants.

135. By failing to remove the unethical peace officer, defendants' disregarded that obvious risk of harm and further retaliated with cell search(s), for his lawful filing of Staff Misconduct grievance(s), by the unethical peace officer in conspiracy with others, due to the filings by plaintiff which were lawful, of Staff Misconduct grievance(s).

136. As a direct and proximate result of defendants' actions, plaintiff has suffered, and will continue to suffer, physical, mental and emotional injury, all to an extent and in an amount subject to proof at trial. Plaintiff will also have to incur attorneys' fees, cost and expenses, including those authorized by 42 U.S.C. §1988, to an extent and in an amount subject to proof at trial.

137. Plaintiff is informed and believes, and thereon alleges that defendants, and each of them, acted with proven and admitted malice toward plaintiff, or acted with a willful and conscious disregard for the rights

34.

of plaintiff in a despicable, vile, and contemptible manner.  Therefore, plaintiff is entitled to an award of punitive damages for the purposes of punishing defendants' and to deter them and others from such conduct in the future.

ELEVENTH CLAIM FOR RELIEF (Against All Defendants)
(Violation Of Fourteenth Amendment Federal Due Process)
(Clause By Refusal of Witness(s) For RVR Hearing)
(42 U.S.C. §1983)

138.  Plaintiff incorporates by reference each and every allegation of this complaint as though fully set forth herein.

139.  The conduct complained of herein was undertaken pursuant to the policies, practices and customs of the CDCR, an agency of the State of California, and was sanctioned and approved by the individual defendants.

140.  Each defendant, acting under color of law, through their own individual actions, and through their policies, practices, and customs, deprived plaintiff of rights, privileges, and immunities secured by the Constitution and laws of the United States under the Fourteenth Amendment right to call adverse and friendly witnesses at prison disciplinary hearings even if the plaintiff had filed lawful Staff Misconduct Complaint grievance(s), as admitted by defendants.

141.  Defendants despite knowing plaintiff faced serious proven medical harm(s) they denied him requested witnesses at a disciplinary hearing to further conspire to deny plaintiff his Constitutional Rights.

142.  By failing to remove the unethical peace officer, defendants' disregarded that obvious risk of harm and further retaliation with the illegal denial of rights to defend himself from falsified prison reports, for retaliation for his having filed Staff Misconduct Complaint grievance(s).

143.  As a direct and proximate result of defendants' actions, plaintiff has suffered, and will continue to suffer, physical, mental and emotional injury, all to an extent and in an amount subject to proof at trial.

35.

Plaintiff will also have to incur attorneys' fees, cost and expenses,
including those authorized by 42 U.S.C. §1988, to an extent and in an amount
subject to proof at trial.

144.  Plaintiff is informed and believes, and thereon alleges that
defendants, and each of them, acted with proven and admitted malice toward
plaintiff, or acted with a willful and conscious disregard for the rights
of plaintiff in a despicable, vile, and contemptible manner.  Therefore,
plaintiff is entitled to an award of punitive damages for the purpose of
punishing defendants' and to deter them and others from such conduct in the
future.

TWELFTH CLAIM FOR RELIEF (Against All Defendants)
(Violation of Civil Rights By Conspiracy)
(42 U.S.C. §1983)

145.  Plaintiff incorporates by reference each and every allegation of
this complaint as though fully set forth herein.

146.  The conduct complained of herein was undertaken pursuant to the
policies, practices and customs of the CDCR, an agency of the State of
California, and was sanctioned and approved by the individual defendants.

147.  Each defendant, acting under color of law, through their own
individual actions, and through their policies, practices, and customs,
deprived plaintiff of rights, privileges, and immunities secured by the
Constitution and laws of the United States under the Fourteeth Amendment
right not to be subjected to any illegal conspiracy because he filed lawful
Staff Misconduct Complaint grievance(s).  The conspiracy was admitted in
writing by defendants, and each of them.

148.  Defendants despite knowing plaintiff faced serious proven medical
harm(s) continued to cover-up for an admitted unethical peace officer and
further conspired to deny plaintiff his Constitutional Rights.

149.  By failing to remove the unethical peace officer, defendants'

disregarded that obvious risk of harm and further retaliated with the illegal denial of rights not to be subjected to any conspiracy act(s), due to plaintiff having filed Staff Misconduct grievance(s).

150.  As a direct and proximate result of defendants' actions, plaintiff has suffered, and will continue to suffer, physical, mental and emotional injury, all to an extent and in an amount subject to proof at trial. Plaintiff will also have to incur attorneys' fees, cost and expenses, including those authorized by 42 U.S.C. §1988, to an extent and in an amount subject to proof at trial.

151.  Plaintiff is informed and believes, and thereon alleges that defendants, and each of them, acted with proven and admitted malice toward plaintiff, or acted with a willful and conscious disregard for the rights of plaintiff in a despicable, vile, and contemptible manner.  Therefore, plaintiff is entitled to an award of punitive damages for the purpose of punishing defendants' and to deter them and others from such conduct in the future.

THIRTEENTH CLAIM FOR RELIEF (Against All Defendants)
(Violation of Civil Rights By Failure To Stop/Prevent)
(Known Conspiracy (42 U.S.C. §1986)

152.  Plaintiff incorporates by reference each and every allegation of this complaint as though fully set forth herein.

153.  The conduct complained of herein was undertaken pursuant to the policies, practices and customs of the CDCR, an agency of the State of California, and was sanctioned and approved by the individual defendants.

154.  Each defendant, acting under color of law, through their own individual actions, and through their policies, practices, and customs, deprived plaintiff of rights, privileges, and immunities secure by the Constitution and laws of the United States under the Fourteenth Amendment right not to be subjected to any illegal conspiracy because he filed lawful Staff Misconduct grievance(s).  Defendants, and each of them knew of the

37.

conspiracy by admitted written document, and they failed without excuse to stop and/or prevent an unethical peace officer from conspiring with other unethical peace officers in retaliation act(s) against plaintiff due to plaintiff filing lawful Staff Misconduct grievance(s).

155. By failing to remove the unethical peace officer, defendants' disregarded that obvious risk of harm and further retaliation with the illegal denial of rights not to be subjected to any conspiracy act(s), due to plaintiff having filed Staff Misconduct grievance(s).

156. As a direct and proximate result of defendants' actions, plaintiff has suffered, and will continue to suffer, physical, mental and emotional injury, all to an extent and in an amount subject to proof at trial. Plaintiff will also have to incur attorneys' fees, cost and expenses, including those authorized by 42 U.S.C. §1988, to an extent and in an amount subject to proof at trial.

157. Plaintiff is informed and believes, and thereon alleges that defendants, and each of them, acted with proven and admitted malice toward plaintiff, or acted with a willful and conscious disregard for the rights of plaintiff in a despicable, vile, and contemptible manner. Therefore, plaintiff is entitled to an award of punitive damages for the purpose of punishing defendants' and to deter them and others from such conduct in the future.

158. Defendants' and each of them, by doing the acts complained of in this complaint, knowingly inflicted the physical, mental, and other harms herein alleged. The harm(s) inflicted by defendants, and each of them, was a direct result of defendants, and each of them, conscious disregard of the likelihood of substantial harm to plaintiff unrelated to legitimate penological goals.

///

FOURTEENTH CLAIM FOR RELIEF (Against All Defendants)
(Violation of Rehabilitation Act (29 U.S.C. §701-97)

159.   Plaintiff incorporates by reference each and every allegation of this complaint as though fully set forth herein.

160.   Section 504 of the Rehabilitation Act, 29 U.S.C. §794 provides in pertinent part:

> "[n]o otehrwise qualified individual with a disability in the United States...shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency..."

161.   The conduct complained of herein was undertaken pursuant to the policies, practices and customs of the CDCR, an agency of the State of California, and was sanctioned and approved by the individual defendants.

162.   Each defendant, acting under the color of State law, through their own individual actions and through their policies, practices and customs, deprived plaintiff of rights, privileges, and immunities secured by the Constitution and laws of the United States under the Rehabilitation Act, by subjecting him, or allowing others to subject him, to discrimination and malicious prosecution, as admitted by defendants, and each of them.

163.   Defendants knew plaintiff faced serious risk of harm due to his severe multiple medical limitations, yet, ordered him to perform tasks in excess of his medically imposed limitations, or suffer disciplinary action.

164.   Despite knowing that plaintiff faced a serious and substantial risk of harm due to his medical conditions defendants attempted to force plaintiff to perform duties in excess of his medical limits.

165.   As a direct and proximate cause of the aforementioned acts/failures to act of defendants and each of them, plaintiff was injured as set forth above.

166.   By doing the acts complained of in this complaint defendants, and

each of them, knowingly inflicted the physical, mental and other harms herein alleged. The harms inflicted by defendants, and each of them, was a direct result of defendants conscious disregard of the likelihood of substantial harm to plaintiff unrelated to legitimate penological goals.

167. As the direct and proximate result of defendants' actions, plaintiff has suffered, and will continue to suffer, physical, mental and emotional injury, all to an extent and in an amount subject to proof at trial. Plaintiff will also have to incur attorneys' fees, costs and expenses, including those authorized by 42 U.S.C. §1988, to an extent and in an amount subject to proof at trial.

FIFTEENTH CLAIM FOR RELIEF (Against All Defendants)
(Violation of Americans With Disabilities Act)
(42 U.S.C. §12112(b)(1) et. seq.)

168. Plaintiff incorporates by reference each and every allegation of this complaint as though fully set forth herein.

169. Title II of the ADA, the "public entity" section provides that:

"no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or subjected to discrimination by any such entity." (42 U.S.C. §12132)

170. The conduct complained of herein was undertaken pursuant to the policies, practices and customs of the CDCR, an agency of the State of California, and was sanctioned and approved by the individual defendants.

171. Each defendant, acting under the color of State law, through their own individual actions and through their policies, practices and customs, deprived plaintiff of rights, privileges, and immunities secured by the Constitution and laws of the United States under the Americans With Disabilities Act, by subjecting him, or allowing others to subject him, to discrimination and malicious prosecution, as admitted by defendants, and each of them.

40.

172.  Defendants knew plaintiff faced serious risk of harm due to his severe multiple medical disabilities and limitations, yet, ordered him to perform tasks in excess of those medical abilities, and retaliated when plaintiff could not comply, but did not subject others to the same treatment, and/or discrimination solely due to plaintiff having filed lawful Staff Misconduct Complaint grievance(s), against an admitted unethical peace officer, and subjecting plaintiff to falsified disciplinary sanctions.

173.  Despite knowing that plaintiff faced a serious and substantial risk of harm due to his medical conditions defendants attempted to force plaintiff to resign from his assigned prison job by issuing falsified RVR violation reports. Defendants' and each of them, did admit that the RVR was falsified and admitted that the peace officer was enethical and had violated CDCR prison policy(s) in retaliating against plaintiff, yet, they failed to stop/prevent that unethical peace officer and others in conspiracy with him from taking further additional retaliation act(s), due to plaintiff having filed lawful Staff Misconduct grievance(s).

174.As a direct and proximate cause of the aforementioned acts/failures to act of defendants and each of them, plaintiff was injured as set forth above.

175.  By doing the acts complained of in this complaint defendants, and each of them, knowingly inflicted the physical, mental and other harms herein alleged.  The harms inflicted by defendants, and each of them, was a direct result of defendants conscious disregard of the likelihood of substantial harm to plaintiff unrelated to legitimate penological goals.

176.  As the direct and proximate result of defendants' actions, plaintiff has suffered, and will continue to suffer, physical, mental and emotional injury, all to an extent and in an amount subject to proof at trial.  Plaintiff will also have to incur attorneys' fees, costs and expenses,

including those authorized by 42 U.S.C. §1988, to an extent and in an amount subject to proof at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment against defendants as follows:

1. General damages according to proof, believed to be in excess of $3,000,000;

2. Special damages according to proof and California Civil Code §52.1, the Tom Bane Civil Rights Act, of $25,000.00 for each violation thereof, from each herein named defendant, for a total amount of $650,000;

3. Special damages according to proof and California Civil Code §52.7, the Ralph Civil Rights Act, of $25,000.00 for each violation thereof, from each herein named defendant, for a total amount of $650,000;

4. Special damages according to proof for the violation of Government Code §844.6(d), malicious prosecution wherein the falsified charge(s) were proven beyond preponderance of evidence to be false, a sum of $1,000,000;

5. Attorneys' fees under 42 U.S.C. §1988  and any other appropriate statute;

6. Punitive damages according to proof;

7. Costs of suit;

8. Injunctive relief as may be filed in the near future;

9. Any other and further relief as this Court may deem appropriate.

Dated:  May 30, 2022          Respectfully submitted,

Doyle Wayne Davis, H-34318/A-4-142 Lower
Richard J. Donovan Correctional Facility
480 Alta Road
San Diego, California 92179
In Propria Persona

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated:  May 30, 2022          Respectfully submitted,

Doyle Wayne Davis, H-34318/A-4-142 Lower
In Propria Persona

42.

## II. DEFENDANT(S):

```
Ruelas, Correctional Officer;                        )
E. Ominigbo, Correctional Officer;                   )
E. Gonzales, Correctional Officer;                   )
F. Martinez, Correctional Officer;                   )
V. Acayan, Correctional Lieutenant;                  )
T. Martinez, Correctional Lieutenant;                )
J. Martinez, Correctional Captain;                   )
Sean P. Durment, Correctional Captain (A);           )
S. Steadman, Associate Warden;                       )
Scott Anderson, Associate Warden;                    )
Belinda Hedrick, Chief Deputy Warden;                )
Raymond Madden, Warden (A), RJDCF;                   )
Marcus Pollard, Warden, RJDCF;                       )
Sharee Brown, Correctional Lieutenant, AIMS UNIT:    )
Y. Sato, Psychologist;                               )
Kathleen Allison, Secretary of CDCR;                 )
                                                     )
                                  Defendant(s).      )
```

__Doyle Wayne Davis__
(Name)

__480 Alta Road__
(Address)

__San Diego, California__ 92179
(City, State, Zip)

__H-34318/A-4-142 Lower__
(CDCR / Booking / BOP No.)

U.S. District Court
Southern District of California
Received

JUN 0 7 2022

Pages: __45__
Time: __9;35 AM__
Initials: _____

Update: 82 Page
JR 7/5/22

# United States District Court
## Southern District of California

__Doyle Wayne Davis__,
(Enter full name of plaintiff in this action.)

           Plaintiff,

v.

__James Corcoran, C/O;__,
__J. Pulido,    C/O;__,
__R. Skog,    C/O;__,
__H. Sears,   C/O;__,
(Enter full name of each defendant in this action.)

           Defendant(s).

__(See Additional Page Hereto)__

)
)
)
)
)
)
)
)
)
)
)
)
)
) 1.)
)
)
)
)

Civil Case No._____
(To be supplied by Court Clerk)

Complaint under the
Civil Rights Act
42 U.S.C. § 1983

1.) Violation of State Civil
Rights (California Civil
Code §52.1) Tom Bane
Civil Rights Act;

(CONTINUED NEXT PAGE)

## A. Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional authority, list them below.
__Pendant and Supplemental Jurisdiction Pursuant to Title 28 of the__
__United States Code, Section §1367 over State Law Claim(s)/Allegation.__

## B. Parties

1. Plaintiff:  This complaint alleges that the civil rights of Plaintiff, __Doyle Wayne Davis,__
(print Plaintiff's name)
_____, who presently resides at __480 Alta Road, RJDCF,__
(mailing address or place of confinement)
__San Diego, California 92179__, were violated by the actions of

the below named individuals.  The actions were directed against Plaintiff at __Richard J. Donovan__

__Correctional Facility__ on (dates) __01/01/2021__, __02/11/2021__, and __04/08/2021__ . through
(institution/place where violation occurred)        (Count 1)        (Count 2)        (Count 3)
04/12/2022 inclusive, multiple Count(s) ie 15 total.

§ 1983 SD Form
(Rev. 8/15)

1.

ADDITIONAL DEFENDANT(S):

D.A. Hampton, Correctional Sergeant;                )  2.) Violation of
K. Cowart, Correctional Sergeant;                   )      State Civil
S. Huss, Correctional Sergeant;                     )      Rights (Calif.
L. Urena, Correctional Sergeant;                    )      Civil Code
D. Eustaquio, Correctional Sergeant;                )      §52.7) The Ralph
(M) Gonzalez, Correctional Officer;                 )      Civil Rights
Ruelas, Correctional Officer;                       )      Act;
E. Ominigbo,  Correctional Officer;                 )
E. Gonzalez, Correctional Officer;                  )  3.) Malicious
F. Martinez, Correctional Officer;                  )      Prosecution:
V. Acayan, Correctional Lieutenant;                 )      Fourth Amendment
T. Martinez, Correctional Lieutenant;               )      (Government
J. Martinez, Correctional Captain;                  )      Code §844.6(d))
Sean P. Durment, Correctional Captain (A);          )      and (42 U.S.C.
S. Steadman, Associate Warden;                      )      §1983)
Scott Anderson, Associate Warden;                   )
Belinda Hedrick, Chief Deputy Warden;               )  4.) Violation of
Raymond Madden, Warden (A), RJDCF;                  )      First Amendment
Marcus Pollard, Warden, RJDCF;                      )      Interference
Sharee Brown, Correctional Lieutenant, AIMS UNIT;   )      With Right to
Y. Sato, Psychologist;                              )      File Grievance(s)
Kathleen Allison, Secretary of CDCR;                )      (42 U.S.C. §1983)
                                                    )
                            Defendant(s) et al.,    )  5.) Violation of
_____   )      First Amendment
                                                           By Retaliation
                                                           For Filing
                                                           Grievance(s);
                                                           (42 U.S.C. §1983)

                                                       6.) Violation of
                                                           Fourth Amendment
                                                           By Using Repeated
                                                           Retaliatory Cell
                                                           Search(s): (42
                                                           U.S.C. §1983)

                                                       7.) Violation of
                                                           Eighth Amendment
                                                           Cruel & Unusual
                                                           Harassment:
                                                           (42 U.S.C. §1983)

                                                       8.) Violation of
                                                           Eighth Amendment
                                                           By Being Deliber-
                                                           ately Indifferent
                                                           To Known Serve
                                                           Multiple Medical
                                                           Conditions: (42
                            1a.                             U.S.C. §1983)

9.) Violation of
Eighth Amendment
By Forcing To
Do Work In
Excess of Known
Medical Ability:
(42 U.S.C.
§1983)

10.) Violation of
Eighth Amendment
By Multiple
Harassing Cell
Search(s) As
Retaliation:
(42 U.S.C.
§1983)

11.) Violation of
Fourteenth
Amendment Federal
Due Process
Clause By Refusal
Of Witness(s)
At RVR Hearing:
(42 U.S.C.
§1983)

12.) Violation
Of Civil Rights
By Conspiracy:
(42 U.S.C.
§1983)

13.) Violation of
Civil Rights By
Failure To Stop/
Prevent Known
Conspiracy:
(42 U.S.C.
§1986)

14.) Violation of
Rehabilitation
Act: (29 U.S.C.
§701-97)

15.) Violation of
Americans With
Disabilities Act:
(42 U.S.C.
§12112(b)(1))

1b.

2. <u>Defendants</u>:  (Attach same information on additional pages if you are naming more than 4 defendants.)

Defendant  James Corcoran _____  resides in   UNKNOWN _____ ,
                      (name)                                       (County of residence)
and is employed as a   Correctional Peace Officer  .  This defendant is sued in
                            (defendant's position/title (if any))
his/her ☒ individual ☐ official capacity.  (Check one or both.)  Explain how this defendant was acting under
color of law:  At all relevant times herein this person was acting as
a Correctional Peace Officer and had absolute control over the
herein named plaintiff;

Defendant  J. Pulido _____  resides in   UNKNOWN _____ ,
                      (name)                                       (County of residence)
and is employed as a   Correctional Peace Officer  .  This defendant is sued in
                            (defendant's position/title (if any))
his/her ☒ individual ☐ official capacity.  (Check one or both.)  Explain how this defendant was acting under
color of law:  At all relevant times herein this person was acting as
a Correctional Peace Officer and had absolute control over the
herein named plaintiff;

Defendant  R. Skog _____  resides in   UNKNOWN _____ ,
                      (name)                                       (County of residence)
and is employed as a   Correctional Peace Officer  .  This defendant is sued in
                            (defendant's position/title (if any))
his/her ☒ individual ☐ official capacity.  (Check one or both.)  Explain how this defendant was acting under
color of law:  At all relevant times herein this person was acting as
a Correctional Peace Officer and had absolute control over the
herein named plaintiff;

Defendant  H. Sears _____  resides in   UNLNOWN _____ ,
                      (name)                                       (County of residence)
and is employed as a   Correctional Peace Officer  .  This defendant is sued in
                            (defendant's position/title (if any))
his/her ☒ individual ☐ official capacity.  (Check one or both.)  Explain how this defendant was acting under
color of law:  At all relevant times herein this person was acting as
a Correctional Peace Officer and had absolute control over the
herein named plaintiff;

2. <u>Defendants</u>:  (Attach same information on additional pages if you are naming more than 4 defendants.)

Defendant D.A. Hampton _____ resides in _____ UNKNOWN _____ ,
              (name)                                   (County of residence)
and is employed as a ___ Correctional Sergeant ___ . This defendant is sued in
                           (defendant's position/title (if any))
his/her ☒ individual ☐ official capacity.  (Check one or both.)  Explain how this defendant was acting under
color of law: ___ At all relevant times herein this person was acting as
a Correctional Peace Officer and had absolute control over the ___
herein named plaintiff; _____ .

Defendant K. Cowart _____ resides in _____ UNKNOWN _____ ,
              (name)                                   (County of residence)
and is employed as a ___ Correctional Sergeant ___ . This defendant is sued in
                           (defendant's position/title (if any))
his/her ☒ individual ☐ official capacity.  (Check one or both.)  Explain how this defendant was acting under
color of law: ___ At all relevant times herein this person was acting as
a Correctional Peace Officer and had absolute control over the ___
herein named plaintiff; _____ .

Defendant S. Huss _____ resides in _____ UNKNOWN _____ ,
              (name)                                   (County of residence)
and is employed as a ___ Correctional Sergeant ___ . This defendant is sued in
                           (defendant's position/title (if any))
his/her ☒ individual ☐ official capacity.  (Check one or both.)  Explain how this defendant was acting under
color of law: ___ At all relevant times herein this person was acting as
a Correctional Peace Officer and had absolute control over the ___
herein named plaintiff; _____ .

Defendant L. Urena _____ resides in _____ UNKNOWN _____ ,
              (name)                                   (County of residence)
and is employed as a ___ Correctional Sergeant ___ . This defendant is sued in
                           (defendant's position/title (if any))
his/her ☒ individual ☐ official capacity.  (Check one or both.)  Explain how this defendant was acting under
color of law: ___ At all relevant times herein this person was acting as
a Correctional Peace Officer and had absolute control over the ___
herein named plaintiff; _____ .

§ 1983 SD Form
(Rev. 8/15)

2. <u>Defendants</u>:  (Attach same information on additional pages if you are naming more than 4 defendants.)

Defendant <u>D. Eustaquio</u> resides in <u>UNKNOWN</u>,
           (name)                              (County of residence)
and is employed as a <u>Correctional Sergeant</u>. This defendant is sued in
                     (defendant's position/title (if any))
his/her ☒ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting under
color of law: <u>At all relevant times herein this person was acting as</u>
<u>a Correctional Peace Officer and had absolute control over the</u>
<u>herein named plaintiff;</u>

Defendant <u>(M) Gonzalez</u> resides in <u>UNKNOWN</u>,
           (name)                              (County of residence)
and is employed as a <u>Correctional Officer</u>. This defendant is sued in
                     (defendant's position/title (if any))
his/her ☒ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting under
color of law: <u>At all relevant times herein this person was acting as</u>
<u>a Correctional Peace Officer and had absolute control over the</u>
<u>herein named plaintiff;</u>

Defendant <u>Ruelas</u> resides in <u>UNKNOWN</u>,
           (name)                              (County of residence)
and is employed as a <u>Correctional Officer</u>. This defendant is sued in
                     (defendant's position/title (if any))
his/her ☒ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting under
color of law: <u>At all relevant times herein this person was acting as</u>
<u>q Correctional Peace Officer and had absolute control over the</u>
<u>herein named plaintiff;</u>

Defendant <u>E. Ominigbo</u> resides in <u>UNKNOWN</u>,
           (name)                              (County of residence)
and is employed as a <u>Correctional Officer</u>. This defendant is sued in
                     (defendant's position/title (if any))
his/her ☒ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting under
color of law: <u>At all relevant times herein this person was acting as</u>
<u>a Correctional Peace Officer and had absolute control over the</u>
<u>herein named plaintiff;</u>

2. Defendants: (Attach same information on additional pages if you are naming more than 4 defendants.)

Defendant  E. Gonzalez                    resides in      UNKNOWN                  ,
          (name)                                    (County of residence)
and is employed as a    Correctional Officer            . This defendant is sued in
                    (defendant's position/title (if any))
his/her XX individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting under
color of law: At all relevant times herein this person was acting as
a Correctional Peace Officer and had absolute control over the
herein named plaintiff;

Defendant  F. Martinez                    resides in      UNKNOWN                  ,
          (name)                                    (County of residence)
and is employed as a    Correctional Officer            . This defendant is sued in
                    (defendant's position/title (if any))
his/her XX individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting under
color of law: At all relevant times herein this person was acting as
a Correctional Peace Officer and had absolute control over the
herein named plaintiff;

Defendant  V. Acayan                    resides in      UNKNOWN                  ,
          (name)                                    (County of residence)
and is employed as a    Correctional Lieutenant       . This defendant is sued in
                    (defendant's position/title (if any))
his/her XX individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting under
color of law: At all relevant times herein this person was acting as
a Correctional Peace Officer and had absolute control over the
herein named plaintiff;

Defendant  T. Martinez                    resides in      UNKNOWN                  ,
          (name)                                    (County of residence)
and is employed as a    Correctional Lietenant        . This defendant is sued in
                    (defendant's position/title (if any))
his/her XX individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting under
color of law: At all relevant times herein this person was acting as
a Correctional Peace Officer and had absolute control over the
herein named plaintiff;

2. <u>Defendants</u>: (Attach same information on additional pages if you are naming more than 4 defendants.)

Defendant <u>J. Martinez</u> resides in <u>UNKNOWN</u>,
(name)                                        (County of residence)
and is employed as a <u>Correctional Captain</u>. This defendant is sued in
(defendant's position/title (if any))
his/her XX individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting under
color of law: <u>At all relevant times herein this person was acting as</u>
<u>a Correctional Peace Officer and had absolute control over the</u>
<u>herein named plaintiff;</u>

Defendant <u>Sean P. Durment</u> resides in <u>UNKNOWN</u>,
(name)                                        (County of residence)
and is employed as a <u>Correctional Captain (A)</u>. This defendant is sued in
(defendant's position/title (if any))
his/her XX individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting under
color of law: <u>At all relevant times herein this person was acting as</u>
<u>a Correctional Peace Officer and had absolute control over the</u>
<u>herein named plaintiff;</u>

Defendant <u>S. Steadman</u> resides in <u>UNKNOWN</u>,
(name)                                        (County of residence)
and is employed as a <u>Associate Warden</u>. This defendant is sued in
(defendant's position/title (if any))
his/her XX individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting under
color of law: <u>At all relevant times herein this person was acting as</u>
<u>a Correctional Peace Officer and had absolute control over the</u>
<u>herein named plaintiff;</u>

Defendant <u>Scott Anderson</u> resides in <u>UNKNOWN</u>,
(name)                                        (County of residence)
and is employed as a <u>Associate Warden</u>. This defendant is sued in
(defendant's position/title (if any))
his/her XX individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting under
color of law: <u>At all relevant times herein this person was acting as</u>
<u>a Correctional Peace Officer and had absolute control over the</u>
<u>herein named plaintiff;</u>

2. <u>Defendants</u>:  (Attach same information on additional pages if you are naming more than 4 defendants.)

Defendant <u>Belinda Hedrick</u> resides in <u>UNKNOWN</u>,
                   (name)                            (County of residence)
and is employed as a <u>Chief Deputy Warden</u>. This defendant is sued in
                              (defendant's position/title (if any))
his/her ☒ individual ☐ official capacity.  (Check one or both.)  Explain how this defendant was acting under
color of law: <u>At all relevant times herein this person was acting as</u>
<u>a Correctional Peace Officer and had absolute control over the</u>
<u>herein named plaintiff;</u>

Defendant <u>Raymond Madden</u> resides in <u>UNKNOWN</u>,
                   (name)                            (County of residence)
and is employed as a <u>Warden, (A) RJDCF</u>. This defendant is sued in
                              (defendant's position/title (if any))
his/her ☒ individual ☐ official capacity.  (Check one or both.)  Explain how this defendant was acting under
color of law: <u>At all relevant times herein this person was acting as</u>
<u>a Correctional Peace Officer and had absolute control over the</u>
<u>herein named plaintiff;</u>

Defendant <u>Marcus Pollard</u> resides in <u>UNKNOWN</u>,
                   (name)                            (County of residence)
and is employed as a <u>Warden, RJDCF</u>. This defendant is sued in
                              (defendant's position/title (if any))
his/her ☒ individual ☐ official capacity.  (Check one or both.)  Explain how this defendant was acting under
color of law: <u>At all relevant times herein this person was acting as</u>
<u>a Correctional Peace Officer and had absolute control over the</u>
<u>herein named plaintiff;</u>

Defendant <u>Sharee Brown</u> resides in <u>UNKNOWN</u>,
                   (name)                            (County of residence)
and is employed as a <u>Correctional Lieutenant</u>. This defendant is sued in
                              (defendant's position/title (if any))
his/her ☒ individual ☐ official capacity.  (Check one or both.)  Explain how this defendant was acting under
color of law: <u>At all relevant times herein this person was acting as</u>
<u>a Correctional Peace Officer and had absolute control over the</u>
<u>herein named plaintiff;</u>

§ 1983 SD Form
(Rev. 8/13)

7.

2. <u>Defendants</u>:  (Attach same information on additional pages if you are naming more than 4 defendants.)

Defendant  <u>Y. Sato</u>                    resides in  <u>UNKNOWN</u>           ,
                  (name)                                          (County of residence)
and is employed as a  <u>Psychologist</u>               .  This defendant is sued in
                              (defendant's position/title (if any))
his/her XX individual ☐ official capacity.  (Check one or both.)  Explain how this defendant was acting under

color of law:  <u>At all relevant times herein this person was acting as</u>

<u>a Correctional Peace Officer and Psychologist and had absolute</u>

<u>control over the herein named plaintiff;</u>                    .

Defendant  <u>Kathleen Allison</u>        resides in  <u>UNKNOWN</u>           ,
                  (name)                                          (County of residence)
and is employed as a  <u>Secretary of CDCR</u>          .  This defendant is sued in
                              (defendant's position/title (if any))
his/her XX individual XX official capacity.  (Check one or both.)  Explain how this defendant was acting under

color of law:  <u>At all relevant times herein this person was acting as</u>

<u>a Correctional Peace Officer and the Secretary of the California</u>

<u>Department of Corrections and Rehabilitation and had absolute control</u>
<u>over the herein named plaintiff.</u>

Defendant  <u>N/A</u>                     resides in  <u>N/A</u>              ,
                  (name)                                          (County of residence)
and is employed as a  <u>N/A</u>                       .  This defendant is sued in
                              (defendant's position/title (if any))
his/her ☐ individual ☐ official capacity.  (Check one or both.)  Explain how this defendant was acting under

color of law:  <u>N/A</u>

<u>N/A</u>

<u>N/A</u>                                              .

Defendant  <u>N/A</u>                     resides in  <u>N/A</u>              ,
                  (name)                                          (County of residence)
and is employed as a  <u>N/A</u>                       .  This defendant is sued in
                              (defendant's position/title (if any))
his/her ☐ individual ☐ official capacity.  (Check one or both.)  Explain how this defendant was acting under

color of law:  <u>N/A</u>

<u>N/A</u>

<u>N/A</u>                                              .

**C. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

Count 1: The following civil right has been violated: Violation of State Civil Rights

(California Civil Code § 52.1) Tom Bane Civil Rights Act.

(E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 1.]

See Excess Page Proposed Complaint

Full details in Proposed Complaint.

Cause of Action at Page #21

§ 1983 SD Form
(Rev. 8/15)

9.

Count 2 The following civil right has been violated: _Violation of Civil State Right_
_(California Civil Code §527) The Ralph Civil Rights Act_.
(E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 2. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 2.]

_See Excess Page Proposed Complaint_

_Full details in Proposed Complaint_

_Cause of Action at Page #23_

§ 1983 SD Form
(Rev. 8/15)

10.

Count 3  The following civil right has been violated: Malicious Prosecution; 4th Amendment

USC; Govt Code § 844.6(d)

(E.g., right to medical care, access to courts,
due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts:  [Include all facts you consider important to Count 3. State what happened clearly and in your own words. You need not cite legal authority or argument.  Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 3.]

See Excess Page Proposed Complaint

Full details in Proposed Complaint

Cause of Action at Page #24

§ 1983 SD Form
(Rev. 8/15)

11.

Count 4 The following civil right has been violated: First Amendment Interference

With Filing Grievances)

(E.g., right to medical care, access to courts,

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts:   [Include all facts you consider important to Count 4. State what happened clearly and in your own words. You need not cite legal authority or argument.  Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 4.]

See Excess Page Proposed Complaint

Full details in Proposed Complaint

Cause of Action at Page #95

§ 1983 SD Form
(Rev. 8/15)

12.

Count 5  The following civil right has been violated: Fourth Amendment by Retaliata For Filing Lawful Grievance(s)

(E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts:  [Include all facts you consider important to Count 5. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 5.]

SEE Proposed Excess Page Complaint.

Full details in Proposed Complaint

Cause of Action at Page #97

§ 1983 SD Form
(Rev. 8/15)

13.

Count _6_  The following civil right has been violated: _Fourth Amendment Using_
_Repeated Retaliatory Cell Search(s)._      (E.g., right to medical care, access to courts,
due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts:  [Include all facts you consider important to Count _6_ State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count _6_]   _See Proposed Excess Page Complaint._

_Full Details in Proposed Complaint._

_Cause of Action at Page II 28_

Count 7 The following civil right has been violated: _Eighth Amendment Cruel and_
_Unusual Harassment._
(E.g., right to medical care, access to courts,

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 7. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 7.]

_See Proposed Excess Page Complaint._

_Full details in Proposed Complaint_

_Cause of Action at Page #7 29_

§ 1983 SD Form
(Rev. 8/15)

15.

Count 8 The following civil right has been violated: _Eighth Amendment Deliberately_
_Indifferent To Known Severe Multiple Medical Condition(s)_
(E.g., right to medical care, access to courts,
due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 8. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 8.]    _SEE PROPOSED EXCESS PAGE COMPLAINT._

_Full Details in Proposed Complaint_

_Cause of Action at Page #31_

§ 1983 SD Form
(Rev. 8/15)

16.

Count _9_ The following civil right has been violated: _Eighth Amendment Forced To Work In Excess OF KNOWN Medical Ability._ (E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count _9_. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count _9_.]

_See Proposed Excess Page Complaint_

_Full Details in Proposed Complaint_

_Cause of Action at Page #32_

§ 1983 SD Form
(Rev. 8/15)                                    17.

Count /0   The following civil right has been violated: _Eighth Amendment Cell_
_Search(s) As Retaleteron_
due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts:   [Include all facts you consider important to Count /0. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, _by name_, did to violate the right alleged in Count /0]   _See Proposed Excess Page Complaint_

_Full Details in Proposed Complaint_

_Cause of Action at Page #33_

§ 1983 SD Form
(Rev. 8/15)

18.

Count _1_ The following civil right has been violated: _Fourteenth Amendment Denial_

_Federal Due Process Clause Denial OF Witnesses For RVR Hearing_

(E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count _2_. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count _2_.]

_See Proposed Excess Page Complaint._

_Full Details in Proposed Complaint._

_Cause of Action at Page #35_

§ 1983 SD Form
(Rev. 8/15)

19.

Count _12_ The following civil right has been violated: Fourteenth Amendment Conspiracy
(E.g., right to medical care, access to courts,

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 12. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 12.]

See Proposed Excess Page Complaint.

Full Details in Proposed Complaint

Cause of Action at Page #36

§ 1983 SD Form
(Rev. 8/15)

20.

Count *3* The following civil right has been violated: _Fourteenth Amendment Failure_
To Stop/Prevent Known Conspiracy
(E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts:   [Include all facts you consider important to Count *3*. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count *3*.]

_See Proposed Excess Page Complaint_

_Full Details in Proposed Complaint_

_Cause of Action at Page #37_

§ 1983 SD Form
(Rev. 8/15)

21.

Count _14_ The following civil right has been violated: Violaten Rehabilitation Act
(E.g., right to medical care, access to courts,

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts:   [Include all facts you consider important to Count. State what happened clearly and in your own words. You need not cite legal authority or argument.  Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count #.]

See Proposed Excess Page Complaint.

Full Details in Proposed Complaint

Cause of Action at Page #39

§ 1983 SD Form
(Rev. 8/15)                                        22.

Count _15_ The following civil right has been violated: _Violation of Americans_
_with Disabilities Act_

(E.g., right to medical care, access to courts,
due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts:   [Include all facts you consider important to Count 5. State what happened clearly and in your own words. You need not cite legal authority or argument.  Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 5.]  _See Proposed Excess Page Complaint_

_Full Details in Proposed Complaint_

_Cause of Action at Page #40_

## D. Previous Lawsuits and Administrative Relief

1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case? ☒ Yes ☐ No.

If your answer is "Yes", describe each suit in the space below. [If more than one, attach additional pages providing the same information as below.]

(a) Parties to the previous lawsuit:
Plaintiffs: Dale Wayne Davis
Defendants: CYCR; J. Corcoran; (M) Gavredos; D. Santaquiv; et al

(b) Name of the court and docket number: San Diego Superior Court, Small Claims, Central District; Case #: NO CASE NUMBER AS OF YET

(c) Disposition: [For example, was the case dismissed, appealed, or still pending?] Pending at this time.

(d) Issues raised: Defendants intentionally damaged personal property in concert with c/o J. Corcoran in retaliation for plaintiff filing CDCR grievances) and/or Court actions, against RJDCF staff violating CDCR regulations. Pnd/part Issue(s) only issue raised.

(e) Approximate date case was filed: May 25, 2022 Mailed To Court

(f) Approximate date of disposition: within (6) six months

2. Have you previously sought and exhausted all forms of available relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDCR Inmate/Parolee Appeal Form 602, etc.] ? ☒ Yes ☐ No.

If your answer is "Yes", briefly describe how relief was sought and the results. If your answer is "No", briefly explain why administrative relief was not exhausted.

I filed multiple CDCR 602 Grievances. RJDCF admitted c/o J. Corcoran and J. Rulido violated Code of Ethics and retaliated against myself. (See Exhibits) Filed CDCR 602 regarding Falsified RVR by J. Corcoran dismissed RVR. (See Exhibits) However, all levels of exhaustion blocked by illegal denial of time limits. Government Claims filed but no answer(s) from Board of Control. (2) Two Year there suit to file Court Action (See Exhibits).

§ 1983 SD Form
(Rev. 8/15)

24.

**E. Request for Relief**

Plaintiff requests that this Court grant the following relief:

  1. An injunction preventing defendant(s):

From further/future retaliation/harm of plaintiff.
Various Special Damages,
Summary Judgment on the admitted retaliation and
malicious prosecution claims.

  2. Damages in the sum of $ As stated in (Proposed Complaint)
  3. Punitive damages in the sum of $ As stated in (Proposed complaint)
  4. Other: See Prayer For Relief in Proposed Excess Page
Complaint herewith.

**F. Demand for Jury Trial**

Plaintiff demands a trial by ☒ Jury    . (Choose one.)

**G. Consent to Magistrate Judge Jurisdiction**

   In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge. The parties are free to withhold consent without adverse substantive consequences.

   The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases. Consent to a magistrate judge will likely result in an earlier trial date. If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

   You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

☐ Plaintiff consents to magistrate    OR    ☒ Plaintiff requests that a district judge
   judge jurisdiction as set forth              be designated to decide dispositive
   above.                                        matters and trial in this case.

May 30, 2022
Date

Dale Wayne Davis
Signature of Plaintiff